**UNITED STATES of America**

**v.**

**Maria Lilia ROJAS, Defendant.**

**No. 80–350–Cr–JCP.**

United States District Court,
S. D. Florida.

Dec. 3, 1980.

Asst. U. S. Atty. Thomas D. Sclafani, Miami, Fla., for plaintiff.

Thomas F. Almon, Miami, Fla., for defendant.

### ORDER

PAINE, District Judge.

This cause came before the Court for non-jury trial on November 28, 1980. After

the government presented its case, the defendant presented an oral Motion for Judgment of Acquittal. The Court withheld its ruling, and the defendant subsequently rested without presenting any evidence.

■ The defendant makes three arguments in support of her Motion for Judgment of Acquittal. First, the defendant notes that the government failed to produce at trial any document from the United States Customs Service indicating that there was no report on file relating to the export of the money involved in this case. The defendant argues that this lack of evidence is crucial, since it amounts to a failure of the government to prove all elements of the alleged violation. However, 31 C.F.R. § 103.25 states that the report required by 31 U.S.C. § 1101 shall be filed at the time of departure with the Customs officer in charge at the port of departure. The evidence at trial indicated that the defendant was under constant surveillance from the time she entered the airport until the time she was taken into custody. She was never observed filling out a report or seeking information about such reports. Furthermore, when Inspector Jimenez informed her directly of the reporting requirement she repeatedly denied having more than $5,000.00 with her. The Court finds that the government satisfied its burden of proof on this issue.

■ The defendant also claims that since the money was never taken out of the territorial limits of the United States, 31 U.S.C. § 1101 was not violated. However, the statute states that a violation occurs when a person "transports *or causes to be transported* monetary instruments—from any place within the United States to or through any place outside the United States . . ." 31 C.F.R. § 103.23(a) states

A person is deemed to have caused such transportation, mailing or shipping when he aids, abets, counsels, commands, procures, or requests it to be done by a financial institution or any other person.

In the instant case, the evidence clearly demonstrated that the defendant requested such transportation to be done by Braniff Airways. Accordingly, the Court determines that defendant's actions as proved at trial consisted of a violation of the statute.

■ Defendant's third argument is that her cooperation with customs, i. e., her consent to the search of her luggage, somehow avoided any violation of the statute. The Court cannot conclude that under the circumstances of this case, defendant's cooperation negated any element of the offense charged.

[4] For the reasons stated above, the defendant's Motion for Judgment of Acquittal is denied. Furthermore, the Court concludes that the government proved beyond a reasonable doubt that on August 23, 1980 the defendant did knowingly fail to file the report required by 31 U.S.C. § 1101, thereby subjecting her to criminal penalties under 31 U.S.C. § 1058.

Accordingly it is

ORDERED and ADJUDGED that defendant's Motion for Judgment of Acquittal is denied.

Furthermore it is

ADJUDGED that the defendant, Maria Lilia Rojas, is guilty as to Count 2 as charged in the indictment. The Probation Office shall prepare a pre-sentence investigation.